**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SEGUNDO PASTOR LOPEZ VILLERREAL**                              **PETITIONER**

**v.**                              **CIVIL ACTION NO. 3:23-cv-3151-KHJ-MTP**

**WARDEN C. HARRISON**                              **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Segundo Pasto Lopez Villerreal. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be dismissed as moot.

At the time Petitioner filed his Petition, he was housed at the Federal Correctional Complex in Yazoo City, Mississippi, serving a federal sentence in the custody of the United States Bureau of Prisons ("BOP"). Petitioner argues in his Petition that he has earned First Step Act time credits,[1] which the Bureau of Prisons ("BOP") has not applied to his sentence. *See* [1] at 2.

On April 19, 2024, Respondent filed a Response [10] to the Petition arguing that this action should be dismiss as moot because Petitioner was "released from Bureau of Prisons via First Step Act release on March 28, 2024, into Immigration and Customs Enforcement (ICE) custody . . . ." *See* Declaration of Amy Landers [10-1]; [10] at 2. As Respondent points out, this is the very relief requested in the Petition. Petitioner requests that the Court order the BOP to apply his time credits, and he explains that if the time credits were applied, he "would be

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

released to ICE custody." [1] at 7-8.  Petitioner has not filed a reply or otherwise challenged Respondent's argument that this action is moot.

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding that the "main thrust" of the petition was to be release from prison and because the petitioner was released "this court can no longer provide him with that relief")).  The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirements that an actual controversy exist at all stages of federal court proceedings. *See Bailey*, 821 F.2d at 278.  "'A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.'" *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (quoting *Golden v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999)).

Here, Petitioner has been granted his requested relief—release from BOP custody pursuant to the First Step Act.  The Petition no longer presents a live case or controversy for purposes of satisfying Article II, Section 2 of the United States Constitution. *See Warren v. Martinez*, 2023 WL 2997862, at *1 (W.D. La. Mar. 22, 2023) (holding that claim challenging the BOP's determination that petitioner is ineligible to earn First Step Act time credit became moot upon petitioner's release from BOP custody); *Aniyeloye v. Birkholz*, 2023 WL 8114915, at *3(C.D. Cal. Sept. 29, 2023) (same); *Camara v. Neely*, 2023 WL 4441996, at *4 (N.D. Ala. June 8, 2023) ("Because BOP released [petitioner] from its custody . . . [petitioner] can no longer receive a speedier release from BOP custody, rendering her § 2241 habeas petition moot."); *Hernandez-Gonzalez v. Warden*, 2023 WL 7530283, at *1 (D.N.J. Nov. 9, 2023) (holding that

petitioner's release from BOP custody to ICE custody rendered his claims concerning First Step Act time credits moot). Therefore, the Petition should be dismissed as moot.[2]

## RECOMMENDATION

For the reasons set forth herein, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED without prejudice as moot.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 20th day of May, 2024.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

---

[2] A habeas petition is not moot if a released prisoner can show that his conviction will cause him to suffer future collateral consequences. *Lane v. Williams,* 455 U.S. 624, 632 (1982). However, a released prisoner challenging the execution of his sentence must affirmatively allege and demonstrate such consequences. *See Spencer v. Kemna,* 523 U.S. 1, 7-9 (1998). Here, Petitioner has neither filed a reply nor otherwise asserted that he continues to suffer any adverse consequences. Therefore, the collateral-consequences doctrine does not apply. *Id.*